UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAKUR MUHAMMAD
a/k/a/ John Mease,

   Plaintiff,            Case No. 98-10153
                    Honorable David M. Lawson
v.                    Magistrate Judge Charles E. Binder

MARK CLOSE,

   Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

   This prisoner civil rights case was filed on June 2, 1998. The plaintiff alleged that the defendant corrections officer retaliated against him for asserting his First Amendment rights, and he is entitled to recover damages under 42 U.S.C. § 1983. The plaintiff alleges that he was accused of "Threatening Behavior" in violation of prison rules and found guilty of "Insolence," but these charges were in retaliation after the plaintiff filed two lawsuits against the defendant. On December 17, 2001, this Court adopted the report of the magistrate judge and granted the defendant's motion for summary judgment. The Court held that the plaintiff had not presented evidence creating a fact dispute on whether the adverse action was motivated by the plaintiff's protected activity.

   The case was appealed to the Sixth Circuit, which affirmed but on the different ground that the plaintiff's challenge to the prison disciplinary finding was barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). The plaintiff appealed to the Supreme Court, which reversed the holding of the Sixth Circuit regarding the application of *Heck v. Humphrey*. The case was remanded to the Sixth Circuit, which in turn remanded to this Court for consideration of a piece of evidence not mentioned in the order granting the motion for summary judgment and reconsideration of the issue

of temporal proximity. *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004). The case is now before the Court for reconsideration in light of these appellate decisions.

After reviewing the record again, the Court concludes that the defendant's motion for summary judgment must be granted. The additional evidence at issue, an affidavit from Bruce Coxton, was not presented to the magistrate judge and should not be considered. Furthermore, although temporal proximity can raise an inference of causation, the protected activity and the alleged retaliatory act did not occur sufficiently close in time to raise such an inference in this case.

I. Facts and Proceedings

The facts were summarized in this Court's previous order as follows:

> This case arose from an incident on May 21, 1997 while the plaintiff was incarcerated at the Standish Maximum Correctional Facility (SMF). The plaintiff alleges that the defendant, a corrections officer at SMF, intentionally provoked the plaintiff and wrote a violation accusing the plaintiff of Threatening Behavior, a serious offense. Specifically, the plaintiff claims that he noticed the defendant staring at him through a dining room window, and that the plaintiff stared back. In response, the defendant allegedly stormed into the dining room, and the plaintiff then rose from his seat and approached the defendant. The plaintiff was then handcuffed and led away to a detention cell.
> The defendant subsequently initiated disciplinary proceedings against the plaintiff, charging him with Threatening Behavior, defined as threatening words or behavior expressing an intent to injure another. *See* Def.'s Mot. Summ. J. Ex. 2, MDOC P.D. 03.03.105 at 2. Six days after the incident, a disciplinary hearing was held and the plaintiff was found not guilty of Threatening Behavior, but found guilty of the lesser charge of Insolence, defined as words, actions or other behavior intended to harass or cause alarm to an employee. *See id.* at 3. The plaintiff was punished with seven days of detention and thirty days of lost privileges.
> The plaintiff alleges that the provocation and write-up was in retaliation for two prior lawsuits filed by the plaintiff against the defendant. The plaintiff first filed suit against defendant Close in 1994; Close was granted summary judgment in 1995. The second suit was filed in February 1996 and dismissed in December 1996.

Order Granting Mot. Summ. J., Dec. 17, 2001. As noted, the incident at issue in this case occurred on May 21, 1997.

The Court observed that a prisoner alleging retaliation for engaging in protected activity must show (1) that he engaged in protected activity; (2) that an adverse action was taken against him that would defer a person of ordinary firmness from engaging in such activity; and (3) that the adverse action was at least partly motivated by the protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-87 (6th Cir. 1999) (en banc). There was not much dispute over the first two elements, but the third element was vigorously contested.

The plaintiff's evidence on the third element consists entirely of temporal proximity – the incident occurred about fifteen months after he filed his second suit against the defendant – and his assertion that there has been a "constant problem between me and him from 1994, from the time he chose to involve hisself [sic] with my litigation with other officers. Pl.'s Resp. to Mot. Summ. J., Ex. 1, Muhammad Dep. The plaintiff also submitted some evidence that he was absent from SMF for much of the time between the filing of his second suit and the incident in question and that the plaintiff and defendant had not seen each other for several months prior to the incident. The Court found that this evidence did not create a triable fact on the third element of causation:

> In this Circuit, however, temporal proximity by itself is generally insufficient to establish causation for a retaliation claim. *See Smith v. Campbell,* 250 F.3d 1032, 1038 (6th Cir. 2000); *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000). In the absence of additional probative evidence, the Sixth Circuit has specifically found that a delay of even five months is too long. *See, e.g., Hafford v. Seidner*, 183 F.3d 506, 518 (6th Cir. 1999) (two to five month delay is too long); *Cooper v. City of North Olmsted*, 795 F.2d 1265, 1272 (6th Cir. 1986) (four months too long). The time gap in this case is fifteen months, which is clearly outside the parameters established by the Sixth Circuit. Furthermore, the plaintiff's generalized assertion of animosity between himself and the defendant is plainly insufficient. Under the plaintiff's reasoning, he would be able to proceed with a retaliation claim anytime this defendant took adverse action against him.

Order Granting Mot. Summ. J., Dec. 17, 2001.

On appeal, the court of appeals affirmed for different reasons, holding the suit barred by *Heck v. Humphrey*, stating:

> Upon de novo review, *see Brooks v. Am. Broad Cos.*, 932 F.2d 495, 500 (6th Cir. 1991), we affirm the judgment of the district court. The plaintiff seeks punitive and compensatory damages and requests that "the misconduct charge [be] expunged from his file." J.A. at 14. Thus this case falls directly within the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), which this circuit applied to a prisoner seeking damages and expungement of a disciplinary infraction in *Huey v. Stine*, 230 F.3d 226, 228 (6th Cir. 2000). "In order to grant the plaintiff in this case the relief he seeks, we would have to unwind the judgment of the state agency." *Id.* at 230. Thus *Heck* bars the plaintiff's action under 42 U.S.C. § 1983.

*Muhammad v. Close*, 47 Fed. Appx. 738, 739 (6th Cir. 2002).

The case then went to the Supreme Court, which reversed this judgement of the court of appeals. The Court noted that the Sixth Circuit's description of the relief sought by the plaintiff was incorrect:

> [N]either in his amended complaint nor at any subsequent juncture did Muhammad challenge his conviction for insolence, or the subsequent disciplinary action. See Brief for Petitioner 42. The amended complaint sought no expungement of the misconduct finding, and in fact Muhammad conceded that the insolence determination was justified. The only relief sought was $10,000 in compensatory and punitive damages "for the physical, mental and emotional injuries sustained" during the six days of prehearing detention mandated by the charge of threatening behavior attributable to Close's retaliatory motive.

*Muhammad*, 540 U.S. at 753. The Court held that "*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. There is no need to preserve the habeas exhaustion rule and no impediment under *Heck* in such a case." *Muhammad v. Close*, 540 U.S. 749, 751-52 (2004). The case was reversed and remanded "for consideration of summary judgment on the ground adopted by the District Court, and for any further proceedings consistent with this opinion." *Id.* at 755.

-4-

On remand, the Sixth Circuit considered this Court's conclusion that the plaintiff had not presented sufficient evidence on causation. The court of appeals held that this Court erroneously failed to consider an affidavit from inmate Bruce Coxton. That affidavit reads as follows:

> I, Bruce Coxton, being first duly sworn deposes and says that the following statements are true and correct to the best of my knowledge, information, and belief:
> 1.) In or around May 1997, I did hear two correction officers having a discussion about prisoner Mease-X [the plaintiff] and they were clearly conspiring to cause him harm.
> 2.) I directly saw and heard officers M. Close and M. Glowicki standing approximately 3 feet from my cell door talking about how they were going to "get Mease-X ass."
> 3.) I directly observed Close and Glowicki talking about how they had to "stop him from filing that appeal and get his ass out of here." Glowicki responded to Close that "I should have killed the nigger when I had the chance."
> 4.) I directly watched and overheard Close telling Glowicki how to set Mease-X up by placing a knife in his cell and than [sic] rush him and act like he accidently got killed while trying to resist them.
> 5.) I wrote a kite to the unit case manager Wendy Reetz and told her what I had seen and heard regarding the officers threat to kill Mease-X.
> 6.) Case manager Reetz came to my cell and told me that if I did not minded [sic] my own business, I would be getting the same treatment.
> 7.) Subsequently, when I tried to access the Court of Appeals with my criminal case, Reetz withheld my pleadings beyond the time for which relief could be sought and denied me access to postage stating "that I should have minded my own business.["]
> 8.) I was also retaliated against for reporting this matter to Reetz and this could have seriosly [sic] harmed Mease-X, maybe even his death as Close and Glowicki threatened.
> 9.) I attest that the foregoing is true and correct to the best of my knowledge, and make these statements under penalty of perjury.

Pl.'s Obj. to R&R Ex. G, Coxton Aff. The court of appeals held that "the Coxton affidavit appears to be precisely the type of evidence of causation that the district court thought was lacking." *Muhammad v. Close*, 379 F.3d 413, 417 (6th Cir. 2004). The court of appeals declined to consider the defendant's arguments that the affidavit was not notarized and not presented to the magistrate judge, stating that these arguments could be presented to the district court on remand. Regarding the temporal proximity issue, the court of appeals noted that "temporal proximity alone may be

'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad*, 379 F.3d at 417-18 (*quoting DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). The court remanded with instructions for this Court to "determine whether the Coxton affidavit alone, Muhammad's proof of temporal proximity alone, or both pieces of evidence together are sufficient to defeat Close's motion for summary judgment." *Muhammad*, 379 F.3d at 418.

II. Discussion

A. Un-notarized Affidavit

The fact that the affidavit of Mr. Coxton is not notarized does not preclude its consideration. In *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002), the court held that a district court may consider un-notarized affidavits:

> Peters contends that, because the document was not notarized or dated, it is not a valid "affidavit." While an "affidavit" is required to be sworn to by the affiant in front of an "officer authorized to administer oaths," *see* Black's Law Dictionary 54 (5th ed. 1979), 28 U.S.C. § 1746 allows for "unsworn declarations under penalty of perjury" to support any matter that legally requires an affidavit to support it. According to § 1746, the declaration must comport to the following form: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2). . . . Courts are generally consistent in validating documents that were sworn to under penalty of perjury, notwithstanding the fact that they were not notarized.

*Peters*, 285 F.3d at 475. Mr. Coxton's affidavit states that its contents were made "under penalty of perjury," and thus comply with the requirements of 28 U.S.C. § 1746.

B. Evidence Not Presented To Magistrate Judge

The affidavit of Mr. Coxton was submitted as exhibit G to the plaintiff's objections to the magistrate judge's report and recommendation. The magistrate judge's report was issued without consideration of the information contained in the affidavit. This is a sufficient and prudent reason

to disregard the exhibit, overrule the objections, and adopt the magistrate judge's report and recommendation. Courts generally will not consider arguments on review that were not raised before the magistrate judge:

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (*citing Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc*., 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrates Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him."). Therefore, the Coxton affidavit will not be considered.

### C. Evidence of Causation

In its first order adopting the magistrate judge's report, the Court stated that "temporal proximity by itself is generally insufficient to establish causation for a retaliation claim." Order Granting Mot. Summ. J., Mar. 12, 2005 (*citing Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2000), and *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000)). In remanding the case

back to this Court, the court of appeals "note[d] that temporal proximity alone may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad*, 379 F.3d at 417-18 (*quoting DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)).

The question of whether temporal proximity can amount to sufficient evidence of causation or motivation by itself in retaliation cases is one that is unsettled in this Circuit. *See Hamilton v. Starcom Mediavest Group, Inc.*, 522 F.3d 623, 629 (6th Cir. 2008) (observing that "some cases suggest that proximity alone – if covering a short time span – may suffice to show causation. Sixth Circuit law on this particular point is far from uniform, however, with other cases suggesting proximity alone may never be enough to show causation") (footnotes omitted). In *DiCarlo*, the court of appeals stated that "in certain distinct cases where the temporal proximity between the protected activity and the adverse employment action is acutely near in time, that close proximity is deemed indirect evidence such as to permit an inference of retaliation to arise." *DiCarlo*, 358 F.3d at 421-22. However, the court also has observed that "'temporal proximity alone will not support an inference of retaliatory discrimination when there is no other compelling evidence.' . . . In this circuit, a period of more than four months was found to be too long to support an inference of causation." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 550 (6th Cir. 2008) (quoting *Nguyen*, 229 F.3d at 566, and *Cooper v. City of North Olmsted*, 795 F.2d 1265, 1272 (6th Cir.1986)).

However, even if temporal proximity can establish causation for retaliation, the necessary level of proximity does not exist in this case. As *DiCarlo* noted, "cases that have permitted a prima facie case to be made based on the proximity of time have all been short periods of time, usually less than six months." *DiCarlo*, 358 F.3d at 421 (quoting *Parnell v. West*, No. 95-2131, 1997 WL

271751, at *3 (6th Cir. May 21, 1997)). In this case, the plaintiff engaged in protected activity by filing complaints in 1994 and in February 1996. The alleged retaliatory act occurred on May 21, 1997, fifteen months later. The event did not occur sufficiently close in time to the protected activity to give rise to an inference of causation. The Court continues to believe that the magistrate judge was correct when he found in his report that there was no triable issue as to the third essential element of the plaintiff's retaliation claim.

### III. Conclusion

The Court finds that the plaintiff has failed to come forward with sufficient evidence presented to the magistrate judge that the adverse action taken against him was in retaliation for his exercise of rights protected by the First Amendment. The Court previously adopted the magistrate judge's report and recommendation, and on reconsideration finds no basis to depart from that decision.

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment [dkt #73] is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 27, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2008.

s/Felicia M. Moses
FELICIA M. MOSES