UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAKUR MUHAMMAD,

        Plaintiff,

                                            Case Number 98-10153

v.                                                   Honorable David M. Lawson

MARK CLOSE,

        Defendant.

_____/

## ORDER DENYING MOTION FOR A NEW TRIAL
## AND FOR RELIEF FROM JUDGMENT

On December 9, 2011, the Court entered judgment in this case in favor of the defendant. On January 23, 2012, the plaintiff filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59 and for relief from judgment pursuant to Federal Rule of Civil Procedure 60. The plaintiff argues that his appointed counsel was ineffective, that the jury was subjected to misrepresentations of documents and exhibits by defense counsel, and that the trial court's instructions to the jury failed adequately to address the plaintiff's race, religion, and status as a prisoner.

Federal Rule of Civil Procedure 59 authorizes a court on motion to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1). Although Rule 59 does not specify the grounds for granting a new trial, courts have determined that "a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or

bias." *Holmes v. City of Massillon, Ohio,* 78 F.3d 1041, 1045-46 (6th Cir. 1996); *see also Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940). The Court also has discretion to consider other grounds "rais[ing] questions of law arising out of substantial errors in admission or rejection of evidence or instructions to the jury." *Bourgeois v. Strawn,* 501 F.Supp.2d 978, 985 (E.D.Mich. 2007) (quoting *Montgomery Ward,* 311 U.S. at 251). "The absence of a listing of specific grounds should not obscure the governing principle. The court has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2805 (2d ed. 1995).

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6). Federal Rule of Civil Procedure 60(b)(6) "confers upon the district court a broad equitable power to 'do justice.'" *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). It "empowers district courts to revise judgments when necessary to ensure their integrity." *Ibid.*

The plaintiff presents three arguments in support of his motion for a new trial or for relief from judgment. First, the plaintiff argues that his trial counsel was ineffective for failing to object to the impaneling of an all-white jury in violation of the Sixth Amendment, failing to impeach the defendant and other witnesses with prior inconsistent statements, and failing to submit proposed voir dire questions to the Court. The plaintiff's first contention is without merit, as the Sixth Amendment sets forth rights related to criminal trials and this is a civil case. Even if the Sixth Amendment's

-2-

protections applied, however, there is "no requirement that petit juries actually chosen must mirror the community." *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975). Instead, a criminal defendant wishing to establish a violation of the fair-cross-section requirement must demonstrate that a distinctive group in the community is under-represented in venires from which juries are selected due to a systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). The plaintiff has made no such showing. The plaintiff's second contention is also insufficient to justify a new trial or relief from judgment. An indigent plaintiff in a civil trial does not have a constitutional right to court-appointed counsel, and the plaintiff has pointed to nothing that would suggest that he is entitled to effective representation by such counsel. *Abdur-Rahman v. Michigan Department of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). Further, a review of the transcript reveals that plaintiff's counsel did, in fact, impeach the defendant with his deposition testimony. The plaintiff's final contention likewise is dispatched with easily; plaintiff's counsel submitted proposed voir dire questions to this Court via email on November 29, 2011.

Next, the plaintiff argues that defense counsel made fraudulent representations as to documents that were admitted as exhibits at trial. The plaintiff refers to a May 16, 1997 letter from the plaintiff to the warden at the Standish Correctional Facility. The referenced letter was admitted into evidence. If the plaintiff is objecting to defense counsel's arguments as to the admissibility of the letter, the objection is not well taken. Counsel is entitled to voice objections to the admission of evidence; indeed, counsel must do so in order to preserve the issue on appeal. Fed. R. Evid. 103(a). Nor did plaintiff's counsel object either to the letter or to any statements made by defense counsel regarding the letter. "The general rule for reviewing evidentiary rulings on appeal is that a party 'may not assert as error the introduction of evidence unless a timely objection is made.'"

*Varga v. Rockwell Intern. Corp.*, 242 F.3d 693, 698 (6th Cir. 2001) (quoting *Helminksi v. Ayerst Labs.*, 766 F.2d 208, 211 (6th Cir. 1985)).  The absence of a contemporaneous objection relegates the issue to the plain-error standard of review.  *See* Fed. R. Evid. 103(e).  Applying that test, the plaintiff's argument fails because admission of the letter did not affect the integrity of the proceedings, even if admission was erroneous.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The plaintiff has not demonstrated an entitlement to a new trial or to relief from judgment on these grounds.

Finally, the plaintiff argues that the Court's instructions to the jury did not adequately address the plaintiff's race, religion, and status as a prisoner.  However, the Court explicitly instructed the jury that the plaintiff's status as a prisoner had no bearing on his right to recover damages and that their decision should not be impacted by prejudice regarding race, sex, religion, national origin, age, handicap, or any other factor irrelevant to the rights of the parties.  A jury is presumed to follow the Court's instructions, and the plaintiff has offered nothing to rebut the presumption that the jury followed the Court's instructions not to consider any impermissible factor in this case.  *United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011).

The plaintiff's arguments are insufficient to mandate either a new trial or relief from judgment in this case.  The Court is unconvinced that the jury reached a "seriously erroneous result" justifying a new trial under Federal Rule of Civil Procedure 59, *Holmes,* 78 F.3d at 1046, or that justice requires the Court to grant relief from judgment under Federal Rule of Civil Procedure 60(b).

Accordingly, it is **ORDERED** that the plaintiff's motion for a new trial and/or for relief from judgment [dkt. #180] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON

United States District Judge

Dated: February 8, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---